# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

  -vs-                                                                    CRIMINAL No. 09-0746 LH

ALEJANDRO REYNA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's letter (ECF No. 119), filed April 14, 2015, which the Court construes as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2); the Joint Motion for Order for Reduced Sentence (ECF No. 128), filed December 18, 2015; and the United States' Motion for Order Regarding Defendant's Ineligibility for Reduce [sic] Sentence[1] (ECF No. 131), filed January 21, 2016. Counsel for Mr. Reyna was appointed on April 16, 2015. The Court, having reviewed these Motions, the record in this matter, and the applicable law, finds that the Joint Motion is not well taken and will be **denied**, the government's Motion is well taken and will be **granted**, and that Defendant Reyna's Motion will be **dismissed for lack of jurisdiction**.

Following a jury trial, Defendant Reyna and Codefendant Gilberto Leyva were convicted of

---

[1] Following receipt of the Redisclosed Retroactive Guideline Amendment Memorandum from the United States Probation Office on January 15, 2016, the Court ordered counsel for Defendant and counsel for the United States to reconfer regarding Defendant's eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and to inform the Court on the record of their position(s). *See* Order (ECF No. 130), filed January 15, 2016. Counsel for Defendant took

conspiracy and possession with intent to distribute 500 grams and more of a mixture containing methamphetamine,[2] in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841(b)(1)(A).  At Defendant Reyna's sentencing, the Court did not accept the conclusion in the Presentence Report that he was a minor participant.  *See* Tr. [Reyna] Sentencing Hr'g (ECF No. 111) at 20, filed Jan. 13, 2011.  Thus, rather than a total offense level of 32, criminal history category of I, and a sentencing guideline range of 121 to 151 months imprisonment, Defendant's total offense level was 38, which with the criminal history category of I, resulted in a sentencing guideline range of 235 to 293 months.  The Court further found, however, that the appropriate sentencing range for Defendant Reyna would be similar to that which it previously had imposed on his codefendant.[3]  *See id.*  Therefore, the Court sentenced Defendant Reyna to 135 months.

Applying Guideline Amendment 782, Defendant Reyna's new offense level is 36.  This, combined with a criminal history category of I, results in a new guideline sentencing range of 188 months to 235 months.  The sentence Defendant is currently serving, however, is only 135 months, well below the new guideline range.

> Pursuant to 18 U.S.C. § 3582, the Court may not modify a term of imprisonment, except that
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a*

---

no position on the government's subsequently filed Motion.  United States' Mot. ¶ 5.

2   Defendants possessed 3.71 kilograms of methamphetamine with a purity level of 96%, for a total amount of 3.6 net kilograms of actual methamphetamine.

3   While indicating its skepticism that Defendant Leyva was a minor participant, the Court accepted that reduction, resulting in a total offense level of 32, criminal history category of I, and sentencing guideline range of 121 to 151 months.  *See* Tr. [Leyva] Sentencing Hr'g (ECF No. 85) at 14-15, filed Sept. 22, 2010.  The Court further determined that the sentence should be above the bottom of the sentencing guideline range and that a sentence of 135 months was appropriate.  *See id.* at 15-16.

Upon resentencing, pursuant to Sentencing Guideline Amendment 782, Defendant Leyva's total offense level was reduced to 31, resulting in an amended guideline range of 120 months to 135 months.  The Court resentenced Defendant Leyva to 127 months, proportionally above the bottom of the guideline range, as it had done at his original sentencing.

> *reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). The relevant Policy Statement to the Guidelines provides that the Court cannot reduce a sentence to a term that is less than the minimum of the new amended guideline range. *See* U.S.S.G. 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ."); *see also, United States v. White*, 765 F.3d 1240, 1249-50 (10th Cir. 2014) ("Congress actually intended *all discretionary departures* to be outside the scope of a § 3582(c)(2) sentence reduction." (citing *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010)). The only exception to this policy is if the original term of imprisonment was less than the guideline range due to a government motion regarding the defendant's substantial assistance to authorities. *See* U.S.S.G. 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate."). This exception does not apply to Defendant Reyna.

Amendment 782 does not lower the sentencing range applicable to Defendant to a sentence below that which he currently is serving and this Court does not have jurisdiction to reduce his sentence. *See, e.g., White*, 765 F.3d at 1246 ("As the plain language of the statute makes clear, a district court is authorized to reduce a sentence under § 3582(c)(2) only if the defendant was originally 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (emphasis omitted)).

WHEREFORE,

**IT IS HEREBY ORDERED** that the Joint Motion for Order for Reduced Sentence (ECF No. 128), filed December 18, 2015, is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for Order Regarding Defendant's Ineligibility for Reduce [sic] Sentence (ECF No. 131), filed January 21, 2016, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 119), filed April 14, 2015, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**